1  KEVIN V. RYAN (SBN 118321)
United States Attorney
2  JOANN M. SWANSON (SBN 88143)
Chief, Civil Division
3  ANDREW Y.S. CHENG (SBN 164613)
Assistant United States Attorney
4  LETITIA R. KIM (SBN 200142)
Assistant United States Attorney
5
       U.S. Attorney's Office
6      450 Golden Gate Avenue, 9th Floor
       San Francisco, California 94102-3495
7      Telephone:    415-436-7181
       Facsimile:    415-436-6748
8      Email:        letitia.r.kim@usdoj.gov

9  Attorneys for Defendants

10                 UNITED STATES DISTRICT COURT

11               EASTERN DISTRICT OF CALIFORNIA

12                    SACRAMENTO DIVISION

13  DAVID LASIC, JR.,                )    Case No. 2:05-cv-2068 MCE DAD
                                     )    (Consolidated with No. 2:05-cv-0161 MCE)
14                      Plaintiff,   )
                                     )
15              v.                   )    SETTLEMENT AGREEMENT AND
                                     )    ORDER APPROVING SETTLEMENT
16  UNITED STATES OF AMERICA, DANA   )
    MORENO ET AL.,                   )
17                                   )
                        Defendants.  )
18  _____)

19                   **SETTLEMENT AGREEMENT**

20        Plaintiff David Lasic and defendant United States of America (collectively, the "Parties")

21  hereby enter into this Settlement Agreement (the "Agreement"), as follows:

22        1.      The parties hereby agree to settle and compromise the claims asserted against the

23  United States of America under the Federal Tort Claims Act (the "Tort Claims") in *David Lasic*

24  *v. United States of America, et al.*, United States District Court for the Eastern District of

25  California, Case No. C 05-2068 MCE DAD (the "Lawsuit"), under the terms and conditions set

26  forth herein.

27        2.      The United States of America agrees to pay plaintiff the sum of Seventy-Five

28  Thousand Dollars ($75,000.00) (the "Settlement Amount") in full settlement of the Tort Claims

1

1   and any and all liability, claims, causes of action, demands, and rights of whatsoever kind and

2   nature (including any claim for wrongful death), which arise or may arise from the same subject

3   matter that gave rise to the Tort Claims, excluding any claims asserted in Case No. 05-161

4   (Bivens).

5          3.      In consideration of payment of the Settlement Amount, plaintiff and his heirs,

6   executors, administrators, and assigns hereby release and forever discharge the United States of

7   America and any and all of its past and present officials, employees, agencies, agents, attorneys,

8   successors, and assigns from any and all obligations, damages, liabilities, actions, causes of

9   action, claims, and demands of any kind and nature whatsoever, whether suspected or

10  unsuspected, at law or in equity, known or unknown (including any claim for wrongful death),

11  which arise or may arise from the same subject matter that gave rise to the Tort Claims.  This

12  release does not apply to any claim plaintiff may have against Dana Moreno under Bivens v. Six

13  Unknown Named Agents, 403 U.S. 388 (1971) ("Bivens"), including those asserted in or arising

14  from those claims asserted in Case No. 05-161.

15         4.      In consideration of payment of the Settlement Amount, plaintiff and his heirs,

16  executors, administrators, and assigns further agree to reimburse, indemnify, and hold harmless

17  the United States of America, its agencies, agents, servants, and employees from any and all such

18  causes of action, claims, liens, rights, or subrogated or contribution interests incident to or

19  resulting from further litigation or the prosecution of the Tort Claims by plaintiff or his heirs,

20  executors, administrators, or assigns against any third party or against the United States of

21  America, including any future claim for wrongful death.

22         5.      California Civil Code Section provides as follows:

23             A general release does not extend to claims which the creditor does
               not know or suspect to exist in his favor at the time of executing
24             the release, which if known by him must have materially affected
               his settlement with the debtor.
25

26  Plaintiff, having been apprised of such language by his attorney, and fully understanding the

27  same, nevertheless waives the benefits of any and all rights he may have pursuant to Section

28  1542 and any similar provisions of federal law.  Plaintiff understands that, if the facts concerning

1   his injuries and the liability of the United States of America for damages pertaining thereto are

2   found hereinafter to be other than or different from the facts now believed to be true, this

3   Agreement shall be and remain effective notwithstanding such difference.

4          6.       This Agreement shall not constitute an admission of liability or fault on the part of

5   the United States of America, its agencies, agents, servants, or employees, for the Tort Claims,

6   and is entered into by and between the Parties for the purpose of compromising disputed claims

7   and avoiding the expenses and risks of litigation.

8          7.       This Agreement may be pled as a full and complete defense to any subsequent

9   action or other proceeding involving any person or party which arises out of the claims released

10  and discharged by this Agreement.

11         8.       The Settlement Amount represents the entire amount of the compromise

12  settlement between plaintiff and the United States of America.  The Parties will each bear their

13  own costs, attorneys' fees, and expenses, and any attorneys' fees or liens owed by plaintiff will

14  be paid out of the Settlement Amount and not in addition thereto.

15         9.       It is also understood by plaintiff that, pursuant to Title 28, Section 2678 of the

16  United States Code, attorneys' fees for services rendered in connection with this Lawsuit shall

17  not exceed 25 percent of the Settlement Amount.

18         10.      Payment of the Settlement Amount will be made by a check drawn on the United

19  States Postal Service and will be made payable to "David Lasic and his attorneys, Flynn &

20  Stillman."

21         11.      Payment of the Settlement Amount may take sixty days or more to process, but

22  the United States of America agrees to make good faith efforts to expeditiously process the

23  payment.

24         12.      In consideration of payment of the Settlement Amount, plaintiff agrees that upon

25  notification that the settlement check is ready for delivery, he will deliver to defense counsel a

26  fully executed Stipulation for Dismissal of the United States of America from the Lawsuit.  Upon

27  receipt of the Stipulation for Dismissal, defense counsel will release the settlement check to

28  plaintiff's counsel.

1    13.    The Parties agree that they will not file the Stipulation for Dismissal of the United

2  States of America until the *Bivens* claim alleged against Dana Moreno in the Lawsuit has

3  concluded, whether by settlement or judgment after any appeal, and that litigation of the Tort

4  Claims against the United States of America will be stayed until the *Bivens* claim against Dana

5  Moreno in this Lawsuit has concluded, whether by settlement or judgment, after any appeal.  The

6  purpose of that agreement is to avoid any argument by any person, entity, or party that the

7  settlement of the Tort Claims operates as a judgment bar with respect to the *Bivens* claim against

8  Dana Moreno.  The Parties expressly agree and acknowledge that the settlement of the Tort

9  Claims shall not act as a judgment bar with respect to the *Bivens* claim against Dana Moreno.

10    14.    The Parties agree that should any dispute arise with respect to the implementation

11  of the terms of this Agreement, plaintiff shall not seek to rescind the Agreement and pursue his

12  original causes of action.  Plaintiff's sole remedy in such a dispute is an action to enforce the

13  settlement in the United States District Court.  The parties agree that the United States District

14  Court will retain jurisdiction over this matter for purposes of resolving any dispute alleging a

15  breach of this Agreement.

16    15.    This instrument shall constitute the entire agreement between the Parties, and it is

17  expressly understood and agreed that this Agreement has been freely and voluntarily entered into

18  by the Parties with the advice of counsel, who have explained the legal effect of this Agreement.

19  The Parties further acknowledge that no warranties or representations have been made on any

20  subject other than as set forth in this Agreement.  This Agreement may not be altered, modified,

21  amended, or otherwise changed in any respect except by writing, duly executed by the Parties and

22  their authorized representatives.

23

24

25

26

27

28

1

2   Dated: February 12, 2007                          /s/
                                             DAVID LASIC
3                                            Plaintiff

4

5   Dated: February 10, 2007                 FLYNN & STILLMAN

6
                                                    /s/
7                                            Philip H. Stillman
                                             Attorneys for Plaintiff
8

9

10  Dated: February 15, 2007                 KEVIN V. RYAN
                                             United States Attorney
11

12                                                  /s/
                                             Andrew Y.S. Cheng
13                                           Letitia R. Kim
                                             Assistant United States Attorneys
14                                           Attorneys for Defendants

15                              **ORDER**

16          THE ABOVE SETTLEMENT AGREEMENT IS APPROVED AND SO ORDERED.

17

18   Dated:  February 15, 2007

19

20                                           MORRISON C. ENGLAND, JR.
                                             UNITED STATES DISTRICT JUDGE
21

22

23

24

25

26

27

28

5